# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANET LAPRIME** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-4092** |
| **EXTRA SPACE STORAGE, INC. ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is a motion,[1] filed by defendant Extra Space Management, Inc. ("Extra Space"), to stay this litigation commenced by plaintiff Janet Laprime ("Laprime") pursuant to the parties' arbitration agreement. The other defendants in the lawsuit, Hexon II Ness, LLC and Federal Insurance Company (all together, "the defendants"), joined Extra Space's motion.[2] Laprime opposes the motion, asserting that Extra Space's arbitration clause is not applicable in this case.[3] For the following reasons, the motion is granted.

## I.

In January 2017, Laprime entered into a lease for a storage unit with Extra Space.[4] Laprime alleges that on May 28, 2017, while she was at Extra Space Storage, Inc., "a property owned and/or controlled and/or maintained and/or managed" by the defendants, an elevator gate that served as the elevator's door "suddenly" fell on her head as she entered the elevator.[5] According to Laprime, she suffered severe injuries as a result of the defendants' negligence and, more specifically, the defendants' failure

---

[1] R. Doc. No. 29.
[2] R. Doc. No. 32.
[3] R. Doc. No. 33.
[4] R. Doc. No. 29-1 & 29-2.
[5] R. Doc. No. 13, at 2 ¶ II.

to properly maintain the premises.[6] Laprime filed her lawsuit in the 24th Judicial District Court of Jefferson Parish in March 2018.[7] The lawsuit was removed to this Court based on diversity jurisdiction.[8] Once all proper defendants were named and joined, Extra Space filed this motion to stay this lawsuit pending arbitration pursuant to its lease with Laprime.[9]

## II.

The Federal Arbitration Act ("the FAA") "mandates the United States District Courts to stay litigation in any case raising an issue referable to arbitration." *Atel Mar. Inv'rs, LP v. Sea Mar Mgmt., L.L.C.*, 2010 WL 2102729, at *2 (E.D. La. May 25, 2010) (Africk, J.). The FAA provides,

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. "To ascertain whether the parties have agreed to arbitrate a particular claim, we must determine: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Atel Mar. Inv'rs*, 2010 WL 2102729, at *2 (quoting *Pers. Sec. & Safety Sys., Inc. v. Motorola, Inc.*, 297 F.3d 388, 392 (5th Cir. 2002)). "The

---

[6] R. Doc. No. 13, at 2 ¶ II, R. Doc. No. 1-2, at 4 ¶ 4.
[7] R. Doc. No. 1-2, at 1.
[8] R. Doc. No. 1.
[9] R. Doc. Nos. 29 & 30.

2

FAA expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Washington Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004) (quoting *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002)). Extra Space asserts that the issue in this case—Laprime's alleged injury that occurred on Extra Space's property—is subject to the parties' arbitration agreement. The Court agrees.

It is clear that Laprime's claim against defendants is subject to arbitration. She does not argue that the arbitration clause is invalid. Rather, Laprime "acknowledges the lease agreement in question contains an arbitration clause, [but] Plaintiff contends the clause should not be enforced as urged by Defendants."[10] According to Laprime, "this lawsuit does not pertain in any way to the actual leasing of a storage unit itself."[11] Thus, the Court must determine only whether Laprime's cause of action is within the scope of the arbitration agreement.

An addendum to the lease contract provides that "Operator and Customer agree to arbitrate all Claims between Operator and Customer."[12] The contract defines "Claims" as

> any claims or controversies, at law or equity, against each other or related in any way to or arising out of in any way to this Rental Agreement, the Customer's use or occupancy of the Space and the Facility or any claim of bodily injury or property damage, or the enforcement of any remedy under any law, ordinance, statute or regulation, even if it arises after the Agreement has terminated.[13]

---

[10] R. Doc. No. 33, at 2.
[11] *Id.*
[12] R. Doc. No. 29-2, at 12.
[13] *Id.*, at ¶ 2.

3

The provision clearly covers Laprime's claim. She asserts that her injuries are the result of the defendants' negligence. Her alleged "bodily injur[ies]" occurred while she was "us[ing] or occup[ying] . . . the Facility," as she was on Extra Space property when the elevator gate allegedly fell on her head. The Court need not weigh the policy favoring arbitration with these facts in order to determine that Laprime's claims are within the scope of her agreement with Extra Space.

## III.

Laprime raised an alternative argument in her opposition to Extra Space's motion asking that the Court designate Jefferson Parish as the venue for arbitration.[14] Extra Space consented to this request in a reply memorandum.[15] Therefore, the Court need not consider this argument.

For the foregoing reasons,

**IT IS ORDERED** that the motion to stay is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is administratively closed. Any party may move to reopen this matter by written motion filed within 30 days of a final arbitration decision.

New Orleans, Louisiana, September 7, 2018.

　　　　　　　　　　　　　　　　　　　　LANCE M. AFRICK
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[14] R. Doc. No. 33, at 3.
[15] R. Doc. No. 37.

4